NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE SANTOS TORRES-ARIAS, AKA Jose Santos Arias, AKA Jose Santos Torresarias,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.    18-70979<br><br>Agency No. A205-671-936<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Phoenix, Arizona

Before:  PAEZ, CLIFTON, and WATFORD, Circuit Judges.

Jose Santos Torres-Arias, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals upholding the

immigration judge's denial of his applications for withholding of removal and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We deny the petition.

**1.** Substantial evidence supports the agency's determination that petitioner is ineligible for withholding of removal because he failed to establish a nexus between any harm and a protected ground. To qualify for withholding, a petitioner must show a "clear probability" of persecution in the country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b); *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000).

Torres-Arias asserts the proposed particular social group of his family. While "family membership may constitute membership in a particular social group," *Bhasin v. Gonzalez*, 423 F.3d 977, 984 (9th Cir. 2005) (internal quotation marks and citation omitted), the agency properly found that any animus directed at Torres-Arias from the Marquez family stemmed from his role in the accidental death of a member of the Marquez family, not from petitioner's membership in his own family. Torres-Arias has thus failed to demonstrate the required nexus to a protected ground.

**2.** Substantial evidence also supports the agency's determination that Torres-Arias did not qualify for CAT protection. To be entitled to CAT protection, Torres-Arias must establish that, if returned to his home country, he is "more likely than not" to face torture by or with the government's acquiescence. 8 C.F.R.

§ 208.16(c)(2).

As the agency concluded, although Torres-Arias may face some risk of harm in his hometown and the larger community of Tepic, given that a member of the Marquez family now serves as mayor of petitioner's hometown, the record evidence shows that he does not face a "clear probability" of torture outside of those circumscribed areas of Mexico. *Zhang v. Ashcroft*, 388 F.3d 713, 721–22 (9th Cir. 2004). There is no indication that the agency failed to consider all relevant evidence, and the record evidence does not compel a conclusion contrary to that reached by the agency. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**3.** Torres-Arias's argument that the agency lacked jurisdiction over proceedings in this case is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**